| |
|---|
| **Southwick v City of New York** |
| 2024 NY Slip Op 32818(U) |
| August 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156919/2021 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. J. MACHELLE SWEETING**                    PART                    62

*Justice*

----------------------------------------------------------------------X

LYNN E. SOUTHWICK,

                                    Plaintiff,

                    - v -

CITY OF NEW YORK, NEW WATER STREET CORP.

                                    Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156919/2021 |
| MOTION DATE | 06/25/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 33, 35, 36, 37, 38

were read on this motion to/for          POST UNDERTAKING/BOND          .

In the underlying action, plaintiff alleges that on January 7, 2021, she was injured when she fell while near or at the premises located at 55 Water Street, in New York, New York.

Pending before the court is a motion filed by Defendant NEW WATER STREET CORP. ("New Water") seeking an order, pursuant to Civil Practice Law and Rules ("CPLR") 8501(a) and CPLR 8503, compelling plaintiff LYNNE E. SOUTHWICK, to post security/bond for costs on the grounds that plaintiff is a non-resident of the State of New York.

New Water argues that at plaintiff's 50-h hearing, held on May 27, 2021, and at plaintiff's deposition, taken on June 17, 2024, plaintiff testified that she had moved to Pennsylvania approximately two weeks after the accident, and that she is a resident of the State of Pennsylvania. New Water argues that because plaintiff is not a resident of the State of New York, she should be compelled to post a security bond for costs under CPLR 8501(a) and 8503, so that if plaintiff loses her case, she will not return home to Pennsylvania and leave defendants with a judgment that can only be enforced in plaintiff's home state.

156919/2021   SOUTHWICK, LYNN E. vs. CITY OF NEW YORK ET AL          Page 1 of 5
  Motion No.  002

1 of 5

In opposition, plaintiff argues that, "Defendant's motion does not unequivocally establish that the Plaintiff does not maintain a residence in the State of New York"; that "there is conflicting evidence as to the Plaintiff's potential maintenance of a residence within the State of New York"; and that "it remains unclear" as to whether plaintiff maintains residences in both New York and Pennsylvania. Plaintiff also argues that in the event the court determines that a security bond is necessary in this action, that it be fixed at the statutory amount of $500.

Conclusions of Law

CPLR 8501(a) provides, in relevant part: "[…] upon motion by the defendant without notice, the court or a judge thereof shall order security for costs to be given by the plaintiffs where none of them is […] a resident of the state when the motion is made." CPLR 8503 provides, in part: "Security for costs shall be given by an undertaking in an amount of five hundred dollars in counties within the city of New York […] or such greater amount as shall be fixed by the court […]."

Here, at plaintiff's 50-h hearing (transcript at NYSCEF Doc. No. 38), plaintiff testified as follows:

> p. 4
> EXAMINATION BY MS. BILLIG:
> Q State your name for the record, please.
> A Lynn Southwick.
> ***Q State your address for the record, please.***
> ***A 116 Eliot Lane, Albrightsville, Pennsylvania 18210.***

156919/2021   SOUTHWICK, LYNN E. vs. CITY OF NEW YORK ET AL
Motion No.  002

Page 2 of 5

p. 43
A I'm seeing a doctor.
Q What type of doctor?
A Orthopedic.
Q Do you have the name of the doctor that you plan on seeing?
A Not yet. We're doing -- we're trying to find the best one.
Q Is that someone in New York?
*A No, it's in Pennsylvania. I can't go back to New York.*

At plaintiff's deposition (transcript at NYSCEF Doc. No. 33), plaintiff testified as follows:

p. 43
Q. Can you please state your address for the record?
A. *116 Eliot Lane, Albrightsville, New York -- I'm sorry, Pennsylvania.*
Q. No worries.
A. I used to be in New York.
Q. Do you live with anyone?
A. No, I live alone.

p. 9
*Q. Have you lived anywhere else between your date of incident and you now living in Pennsylvania, or is that the only address?*
*A. No, I'm in Pennsylvania due to the accident.*
Q. You moved from the 76th Glendale, New York, address to your current Pennsylvania address?
A. Correct, because I couldn't stay in that house.

p. 24-25
Q. How long after your accident did you move to Pennsylvania?
A. Well, I think -- I don't want to speculate.
Q. That's okay, just give me an approximation.
A. Well, I would think I was there at least two weeks.

p. 27
Q. Two weeks after you moved to Pennsylvania and you started seeing the physical therapist in Pennsylvania, how many times did you see this physical therapist?
A. In Pennsylvania?
Q. Yes.
A. I really couldn't tell you.
Q. Do you remember having any follow-up appointments with the doctor in New York that operated on your hip?
A. No.
Q. Okay.
A. Because I went right from the hospital to Pennsylvania with an ambulance.
Q. An ambulance transported you from New York to Pennsylvania?
A. Yes.

[* 3]

p. 28
Q. I'm sorry. The day after your fall, you had an operation, correct?
A. Yes.
Q. And then you were in the hospital for two weeks, correct?
A. Yes, give or take.
*Q. Then you moved from New York to Pennsylvania, correct?*
*A. I had no choice. I had to sell my house and I had to go and live near my daughters because I couldn't do anything.*

p. 70
Q. When you were discharged, what was your status? Were you using a cane or a walker, or were you able to walk without assistance?
A. They took me by wheelchair to the door and then when I got in the cab, the cab that -- what do you call it? The ambulance. That's when we were going to Pennsylvania, right from there.

[emphasis added]

Contrary to the arguments made by plaintiff's counsel, the court finds that plaintiff's testimony clearly and unequivocally establishes that she resides in Pennsylvania and not New York. Here, rather than argue that "it remains unclear" as to where plaintiff lives, plaintiff's counsel could have established here residency on the record. Notably, absent from the record is any Affidavit from plaintiff to refute New Water's key factual argument which is that plaintiff is not a resident of New York State.

156919/2021   SOUTHWICK, LYNN E. vs. CITY OF NEW YORK ET AL                Page 4 of 5
   Motion No.  002

[* 4]                                           4 of 5

Conclusion

For the reasons set forth above, it is hereby:

**ORDERED** that this motion is GRANTED; and it is further

**ORDERED** that plaintiff is compelled to post a security bond in New York in the amount of $500; and it is further

**ORDERED** that movant New Water shall submit to the court a Proposed Order for the posting of the bond.

| 8/12/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **J. MACHELLE SWEETING, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156919/2021   SOUTHWICK, LYNN E. vs. CITY OF NEW YORK ET AL**
**Motion No.  002**

Page 5 of 5

[* 5]